UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>                          Petitioner,<br><br>v.<br><br>ANTHONY C. RAY, et al.,<br><br>                          Respondents. | Case No.: 22cv1299-RSH(MSB)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br>**[ECF NO. 8]** |

On September 26, 2022, Petitioner, a state prisoner proceeding pro se, filed a motion for appointment of counsel. (See ECF No. 8.)  In support of his motion, Petitioner claims: (1) he is unable to afford counsel; (2) his case involves complex issues; (3) he is, at times, detained in the dark and "exposed to COVID and violence by other inmates"; (4) he cannot access the law library and other legal materials; (5) he has contacted attorneys with no success of securing representation; (6) he does not receive legal mail; and (7) his case involves "watershed rules" beyond the resources available to him.  (Id. at 1-2.)  Having considered Petitioner's motion and the applicable law, the Court **DENIES** the motion for the reasons set forth below.

///

///

## I. LEGAL STANDARD

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1990) (holding that prisoners do not have a constitutional right to counsel when collaterally attacking their convictions); Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice, 816 F.3d 1241, 1244 (9th Cir. 2016) (noting that there is no federal constitutional right to appointment of counsel in postconviction collateral attacks on a conviction or sentence in state or federal court).  Courts may, however, appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 when "the interests of justice so require."  See 18 U.S.C. § 3006A(a)(2)(B); Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.").  Courts have discretion in determining whether to appoint counsel, unless an evidentiary hearing is necessary.  See Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990); Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (citation omitted).

Under 28 U.S.C. § 1915(e)(1), courts may exercise their discretion to appoint counsel for indigent civil litigants only in "exceptional circumstances." Agyeman v. Corr. Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted).  When assessing whether exceptional circumstances exist, courts must evaluate "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Both of these factors must be reviewed before deciding whether to appoint counsel, and neither factor is individually dispositive. Wilborn, 789 F.2d at 1331.

///

///

## II.  DISCUSSION

Here, the Court finds that Petitioner has not established the required exceptional circumstances for appointment of counsel.  Petitioner contends that he should be appointed counsel because of his indigence, the complexity of the legal issues in his case, and the limited availability of legal resources, among other reasons.  (See ECF No. 8 at 1-2.)  However, he has not shown that these obstacles—which are faced by many habeas petitioners—entitle him to appointed counsel.  See Chaney, 801 F.2d 1191 at 1196 (holding that a petitioner must show appointed counsel is "necessary to prevent due process violations").  Despite his claimed lack of legal training, access to legal resources, and less than ideal circumstances resulting from being incarcerated, Petitioner has ably represented himself thus far.  In addition to the instant motion, Petitioner has submitted the Petition for Writ of Habeas Corpus [ECF No. 1] and motion for leave to proceed *in forma pauperis* [ECF No. 2] without the assistance of legal counsel.  These filings demonstrate Petitioner is able to adequately understand and articulate the grounds for his Petition and support his arguments with exhibits, documentation, and case law.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."); see also Taa v. Chase Home Fin., No. 5:11–CV–00554 EJD, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting a pro se litigant's lack of legal training and poverty do not constitute exceptional circumstances, because many other litigants face similar difficulties when proceeding pro se).  The Court also concludes that at this stage in the proceedings, Petitioner has not demonstrated a likelihood of success on the merits.  See Agyeman, 390 F.3d at 1103; Wilborn, 789 F.2d at 1331.

Further, the Court finds that the interests of justice do not warrant the appointment of counsel in this case.  Recognizing the difficulties inherent in proceeding pro se, courts construe petitions filed by pro se litigants more liberally than petitions

drafted by counsel. See Knaubert, 791 F.2d at 729. "The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." Id. (citations omitted). In this case, the Petition contains claims that the Court will be able to properly resolve by reviewing the state court record independently, and the "additional assistance provided by attorneys, while significant, is not compelling." Id. If a pro se litigant can articulate his grounds for relief, as Petitioner has done here, the second "exceptional circumstances" factor is not met. Accordingly, the Court finds that the appointment of counsel is not warranted.

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES without prejudice** Plaintiff's motion for appointment of counsel. See LaMere, 827 F.2d at 626 (finding that district court did not abuse its discretion in declining to appoint counsel, where the pleadings established that petitioner understood the issues and was able to present his contentions).

**IT IS SO ORDERED**.

Dated:  October 4, 2022

_____
Honorable Michael S. Berg
United States Magistrate Judge